141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Diana EUBANK, Plaintiff-Appellant,
v.
Meldesco/Pay LESS, Defendant,
and
PAYLESS DRUG STORES NORTHWEST, INC., aka Meldesco/Pay Less,
Defendant-Appellee.
 No. 96-36174.
D.C. No. CV-95-00709-REJ.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 5, 1998**.
Decided Mar. 18, 1998.
 
 Appeal from the United States District Court for the District of Oregon Robert E. Jones, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diana Eubank, a former cashier at Payless Drug Stores, appeals the district court's judgment following a jury verdict for Payless in Eubank's action under the Americans with Disabilities Act, 42 U.S .C. § 12101, et seq. and Oregon state law. We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Eubank argues that the instructions were deficient in several respects. First, she contends, they were confusing and misled the jury on the distinction between her contention that Payless failed to accommodate, and her contention that Payless discriminated against her by terminating her on account of her disability, her request for accommodation or her workers' compensation claim. Further, in her view, the instructions failed to reflect the burden on Payless to consider all available medical information and to offer to accommodate Eubank prior to termination. Eubank also maintains that the court refused to accept her argument that Payless could violate the ADA's accommodation requirements through anything less than discriminatory animus, and as a result the jury erroneously concluded that she had to prove discriminatory animus on her failure to accommodate claim.
 
 
 4
 We disagree. While the instructions are not a model of clarity,[1] they covered each of Eubank's theories in a way that appeared satisfactory at the time.[2] Neither during the "dry run" nor after the instructions were given, when the court asked for comments, were objections offered that would have clarified the law or Eubank's contentions as she now suggests she would have preferred. See Fed.R.Civ.P. 51.
 
 
 5
 The court told the jury that Eubank contended that Payless failed to reasonably accommodate her disability, and terminated her because of that disability, specifically because of her request for an accommodation. The instructions explained that the jury had to decide whether Eubank could perform the essential functions of her job with reasonable accommodation, and that in doing so the employer had to make a fact-specific inquiry whether it was possible to do so. (In keeping with the parties' agreement that intent is not an element of this claim, the instructions discussed reasonable accommodation without reference to discriminatory animus.) The court went on to instruct about Payless's contention that it was not motivated to terminate Eubank because of her disability, and that it had the burden of proof on this point. After consulting with counsel, the court reemphasized to the jury that the parties disputed whether Eubank could have performed the essential functions of her job with reasonable accommodation and reinstructed on the burdens of proof on that issue without objection.
 
 
 6
 Eubank points to the "dry run," and to the colloquy that occurred after the instructions were delivered (and again after a note was received from the jury), but the only exception we can discern had to do with Eubank's position that she had no obligation to engage in a consultative process until Payless proposed the accommodation it was obliged to offer. She also points to her requested Instruction No. 30, but even assuming that requesting an instruction meets her Rule 51 obligations, see Gulliford v. Pierce County, No. 96-35614, 1998 WL 81298, at * 2-* 3 (9th Cir. Feb.27, 1998), No. 30 isn't materially different from (and doesn't distinguish the alternative theories better than) the court's instructions. Thus, the instructions were accepted as delivered, except as we have noted.
 
 
 7
 After the jury asked about Eubank's contention that she was terminated because of her request for accommodation, the court responded as to that allegation with an explanation about motivation. In further discussion with counsel, the court suggested that the jury appeared to be focusing on discharge as the plaintiff's sole theory of liability and, after further consultation, reinstructed on Eubank's alternative theories that Payless failed to accommodate (subject to a test of reasonableness), and failed to do as much as it should have done to find out if accommodation were needed. Counsel agreed that the instruction fairly represented Eubank's contentions. In response to one more question from the foreperson, the court confirmed that one of the decisions the jury had to make was whether Payless fulfilled its obligation as to accommodation. Again, neither objection nor request for further or different instruction was made.
 
 
 8
 Since the court covered each of Eubank's theories and did not fail to address the substantive concerns she raised (apart from declining, properly in our view, to adopt her position on the interactive process), we see no basis for reversal on account of instructional error.
 
 II
 
 9
 Eubank argues that she was entitled to judgment as a matter of law on liability but, as the district court found, there were genuine issues of material fact with respect to the reasonableness of Payless's response to Eubank's request for accommodation. The two letters from her physician that Eubank attached to her request were a couple of months old, did not say whether her disability was temporary or permanent, and failed to explain whether she could perform the essential functions of her job with or without accommodation. Payless had already made 180 days leave available to Eubank, in accordance with its policy. Payless responded to the request by asking for more current information that was pertinent to her job, and Eubank didn't ask for an extension. Given conflicting inferences of reasonableness that these facts raise, the court did not err in refusing a directed verdict or judgment as a matter of law.
 
 III
 
 10
 Eubank contends that her workers' compensation claim under Oregon law should not have been dismissed. We disagree because there is no evidence that she was discriminated against because she applied for workers' compensation. All the evidence was to the contrary. Whereas her claim was in fact denied, co-workers whose claims were paid remained employed. There was nothing for the jury to decide.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Perhaps this is because the instructions were settled orally and delivered orally. Although we appreciate that this may have been the court's way of trying to communicate more understandably with the jury by not reading off rote instructions, we believe this can be accomplished even more effectively by delivering instructions that are carefully crafted, in writing, in advance, with input from counsel, and that are then given to the jury in written form to guide their deliberations in the jury room. Not only will this process have the salutary effect of helping to produce instructions that cover all the bases in language that has been vented by counsel, and that has been explicitly agreed to--or disagreed to--by the parties, but it will be more likely to produce a record that facilitates appellate review because it is clear
 At the same time, counsel have the responsibility to help the judge settle instructions by making specific requests that the court instruct in accordance with the request, and by "stating distinctly the matter objected to and the grounds of the objection." Fed.R.Civ.P. 51. In this way inadvertent misstatements can be cleared up before the jury gets the case. Likewise, counsel have an obligation to object to responses to jury questions if they believe that the response is either inaccurate, or somehow makes the instructions as a whole confusing.
 
 
 [2]
 To the extent Eubank contends that the court erred in failing to instruct that Payless had a duty to accommodate once she requested it, or to collect and consider more information before she was terminated, we disagree. Eubank was not entitled to an instruction on accommodation unhinged from reasonableness, and the court otherwise instructed at some length on the employer's obligations. Beyond this, it was up to the jury to decide whether Payless failed to make a fact specific inquiry about accommodating Eubank, and the jury resolved the issue in Payless's favor